UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JESUS HERNANDEZ, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-04033-JBM |
| ) | |
| KUL B. SOOD, ) | |
|     Defendant. ) | |

## MERIT REVIEW ORDER

**JOE BILLY McDADE, U.S. District Judge:**

Plaintiff *pro se*, Jesus Hernandez, who is currently incarcerated at Graham Correctional Center, filed a complaint [1] under 42 U.S.C. § 1983 and a motion seeking this Court's assistance in recruiting counsel [5] as provided by 28 U.S.C. § 1915(e)(1).

Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires the Court to "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

The events described in Plaintiff's complaint occurred while he was incarcerated at Hill Correctional Center from August 2013 to April 2017. During that time, Plaintiff had a bullet lodged in his left thigh, which caused him pain and suffering. Plaintiff states that Defendant Sood, Plaintiff's treating physician, knew that he had a medical appointment to remove the bullet, which was scheduled to occur before Plaintiff's incarceration, but Sood refused to authorize surgery and instead, prescribed Naproxen and 800 milligrams of ibuprofen. Plaintiff asserts that Sood continued prescribing that medication for four years even though Sood knew of the risks. According to Plaintiff, the long-term use of ibuprofen caused damage to his liver and the lining of his stomach, which has caused Plaintiff to suffer stomach aches and constant urination. Plaintiff was transferred to a different facility where the bullet was removed.

Plaintiff's allegations state a plausible claim against Defendant Sood in his individual capacity for deliberate indifference to Plaintiff's serious medical needs. "[A] situation that might establish a departure from minimally competent medical judgment is where a prison official persists in a course of treatment known to be inactive." *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016); *see also Greeno v. Dailey*, 414 F.3d 645, 655 (7th Cir. 2005) (continuing to treat severe vomiting with antacids over three years created an issue of material fact as to deliberate indifference). "While the cost of treatment is a factor in determining what constitutes adequate, minimum-level care, medical personnel cannot simply resort to an easier course of treatment that they know is ineffective." *Petties*, 836 F.3d at 730.

The Court notes that in addition to filing his complaint, Plaintiff has filed a motion for recruitment of counsel [5]. In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court denies Plaintiff's motion for recruitment of counsel, with leave to renew upon demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received. If Plaintiff files another motion for recruitment of counsel, he should also provide his education level, prison classes he has completed, employment history in and out of prison, and prior litigation experience, if any.

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with his Eighth Amendment deliberate indifference claim against Defendant Sood. Plaintiff's claim against Sood is in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2) **The Court DENIES Plaintiff's motion for recruitment of counsel [5], with leave to renew.**

3) **The Court DENIES as moot Plaintiff's motions for status [6, 7].**

4) **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendant shall file an Answer within sixty days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the Answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **Defendant's counsel is granted leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

11) **If Defendant fails to sign and return a waiver of within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Clerk is directed to attempt service on Defendant through the standard procedures.**

ENTERED June 17, 2019.

                              s/ Joe Billy McDade
                         _____
                              JOE BILLY McDADE
                        UNITED STATES DISTRICT JUDGE